PROB 12C(D)  
(05/17)

May 21, 2020  
pacts id: 4858603

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Oscar Alberto Marin-Barbosa (English)          **Dkt No.:** 18CR02672-001-DMS

**Reg. No.:** 57941-112

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, U.S. District Judge

**Original Offense:** Title 8 U.S.C. § 1326, Attempted Entry After Deportation, a Class C felony

**Date of Sentence:** August 31, 2018

**Sentence:** Eight months' custody; Two years' supervised release. *(Special Conditions: Refer to Judgement and Commitment Order)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** March 15, 2019

**Asst. U.S. Atty.:** Amanda T. Muskat          **Defense Counsel:** Grant L. Eddy  
(Appointed)  
(619) 733-9133

**Prior Violation History:** None.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C(D)
Defendant: Oscar Alberto Marin-Barbosa                                     May 21, 2020
Docket No.: 18CR02672-001-DMS                                                  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On April 30, 2020, Mr. Oscar Marin-Barbosa, a previously deported or removed alien, attempted to enter the United States illegally, the conduct of which is in violation of 8 U.S.C. § 1326, Attempted Entry after Deportation, as evidenced by the complaint filed in the United States District Court, Southern District of California, Docket No: 20-01604M. |
| | 2. On April 30, 2020, Mr. Oscar Marin-Barbosa, illegally reentered or attempted to reenter the United States, the conduct of which is in violation of 8 U.S.C. § 1325, as evidenced by the complaint filed in the United States District Court, Southern District of California, Docket No: 20-01604M. |
| **(Special Condition)**<br>If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States. Supervision waived upon deportation, exclusion, or voluntary departure. | 3. On or about April 30, 2020, Mr. Oscar Marin-Barbosa illegally reentered the United Sates, as evidenced by the complaint filed in the United States District Court, Southern District of California, Docket No: 20-01604M. |

**Grounds for Revocation:** As to allegation(s) 1 to 2 and 3, I received and reviewed the complaint filed in the United States District Court, Southern District of California, Docket No: 0974 3:20-01604M, which confirm the following: On the above date, Mr. Marin-Barbosa was found by U.S. Border Patrol agents in San Diego, California, during an immigrations check on a vessel found to be carrying twenty-two illegal aliens. Mr. Marin-Barbosa reported to agents that he is a citizen of Mexico with no proper documentation to enter or reside in the United States legally. Records revealed that the offender was deported from the United States on March 16, 2019.

As indicated in the probable cause statement in support of the complaint, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

On May 1, 2020, a complaint was filed in the U.S. District Court, Southern District of California, charging Mr. Marin-Barbosa in Docket No: 20-01604M, for violation of 8 U.S.C. § 1326, Attempted Entry after Deportation. Mr. Marin-Barbosa is scheduled to appear for a preliminary hearing on June 16, 2020, before the Honorable Magistrate Judge Karen S. Crawford.

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to twelve months of custody with no supervised release to follow, consecutive to any

PROB 12C(D)

| | |
|---|---|
| Defendant: Oscar Alberto Marin-Barbosa | May 21, 2020 |
| Docket No.: 18CR02672-001-DMS | Page 3 |

sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** May 21, 2020

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by  *(signature)*
Kayla Gainey
U.S. Probation Officer
(619) 409-5120

Reviewed and approved:

*(signature)*
Michael Morabe
Supervisory U.S. Probation Officer

PROB 12CW(D)                                                              May 21, 2020

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Marin-Barbosa, Oscar Alberto

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 18CR02672-001-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Attempted Reentry Subsequent to Deportation | B |
   | Illegal Entry/Attempted Reentry | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))      [    B    ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))             [    III   ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:                                                [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category III establishes an imprisonment range of:                                                                            [8-14 months]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:                                   [ Three years ]

9. **Recommendation:**      [Twelve months' custody, consecutive to any other sentence being served.
                            See USSG § 7B1.3(f)- with no supervised release to follow                    ]

PROB 12C(D)

| | |
|---|---|
| Defendant: Oscar Alberto Marin-Barbosa | May 21, 2020 |
| Docket No.: 18CR02672-001-DMS | Page 5 |

**THE COURT ORDERS:**

__X__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at Metropolitan Correctional Center (MCC) San Diego under Registration No. **57941-112**)

_____  Other _____

_____                              5/22/2020
The Honorable Dana M. Sabraw                                Date
U.S. District Judge

PAT